IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
06 JUL 27 PM 4: 23
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| WILLIAM MCMAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. |
| ) | |
| JOSEPH SEAGRAMS & SONS, ) | **1:06-cv-1149-DFH-VSS** |
| INC. d/b/a UNIVERSAL MUSIC ) | |
| GROUP, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR DAMAGES

Plaintiff, William McMahan, for his complaint against Defendant, Joseph Seagrams & Sons, Inc. d/b/a Universal Music Group ("Universal"), states the following:

### I. Parties

1. Plaintiff, William McMahan, was a citizen and a resident of Hamilton County, Indiana at all times relevant to this action.

2. Defendant, Universal, is a business with facilities in Hamilton County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the ADA, as allowed by 29 U.S.C. §12101 *et seq.* and the FMLA, as allowed by as allowed by 29 U.S.C. §2617.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant in April 1998.

6. During his tenure with Defendant, Plaintiff requested and was granted FMLA leave by Defendant.

7. On April 11, 2005, Plaintiff returned to work from an FMLA leave approved by Defendant.

8. On April 19, 2005, during the course of his maintenance duties, Plaintiff observed a camera focused on a co-worker.

9. Plaintiff knew that the co-worker upon whom the camera was focused had obtained relief pursuant to the ADA from Defendant.

10. Plaintiff informed the co-worker upon whom the camera was focused about the camera.

11. Defendant has a published policy instructing employees to report conduct that an employee believes to be discriminatory.

12. Plaintiff informed management that he believed that he had observed discriminatory conduct against the co-worker upon whom the camera was focused.

13. Plaintiff was terminated by Defendant on April 25, 2005.

14. On October 7, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging retaliatory discharge in violation of the ADA.

15. On May 17, 2004, the EEOC issued a Dismissal and Notice of Rights.

## Count I
### Violations of FMLA, 29 U.S.C. §2601 *et. seq.*

16. Plaintiff incorporates paragraphs 1 through 15 by reference herein.

17. Plaintiff was an eligible employee pursuant to the FMLA since he had worked for Defendant for over one (1) year.

18. Plaintiff was an eligible employee pursuant to the FMLA since he had worked over 1250 hours in the one year prior to his request for FMLA leave in 2005.

19. Defendant is an employer pursuant to the FMLA since it employs over fifty (50) employees at the facility where Plaintiff worked.

20. Defendant granted Plaintiff FMLA leave from which he returned to work on April 11, 2005.

21. Defendant granted Plaintiff FMLA leave from which he returned to work on April 11, 2005 for the serious health condition of Plaintiff's spouse.

22. Defendant violated the FMLA by retaliating against Plaintiff for taking FMLA leave.

23. Plaintiff has been damaged by Defendant's violations of the FMLA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for his actual damages of all wages, vacation time, benefits, and other compensation lost to date with interest as permitted by the FMLA.

B. Enter an order reinstating Plaintiff with all benefits and any increases to his compensation package that he should have received to date.

C. Enter an award for Plaintiff for his liquidated damages pursuant to the FMLA.

D. Enter an award for Plaintiff for all reasonable attorney fees and expenses incurred in pursuing this claim as permitted pursuant to FMLA.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

*[signature]*

Ronald E. Weldy, #22571/49

**Count II**
**Violations of ADA, 42 U.S.C. § 12101 *et seq.*,**

24. Plaintiff incorporates paragraphs 1 through 23 by reference herein.

25. Plaintiff's termination by Defendant is in violation of the ADA, 29 U.S.C. §12101 *et. seq.*

26. Defendant terminated Plaintiff for reporting to an individual to whom the ADA applies discriminatory conduct against this individual.

27. Defendant terminated Plaintiff for acting as a witness to discriminatory conduct to an individual to whom the ADA applies.

28. Defendant's acts are in violation of the ADA.

29. Plaintiff has been damaged by Defendant's ADA violations.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by the ADA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E.   Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

_____
Ronald E. Weldy, #22571-49

### IV.   Jury Demand

30. Plaintiff incorporates paragraphs 1 through 29 by reference herein.

31. Plaintiff demands a trial by jury.

Respectfully submitted,

_____
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
William McMahan

ABRAMS WELDY DRUMMOND & HUIRAS, PA
2002 Wellesley Boulevard
Suite 300
Indianapolis, IN 46219
Tel: 317.917.4800
Fax: 317.917.4801
E-mail: Weldy@abramsweldy.com